**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**ROBERT BERTUGLIA, ET AL.,**

                **Plaintiffs,**

      - against -

**THE CITY OF NEW YORK, ET AL.,**

                **Defendants.**
------------------------------------

**11 Civ. 2141 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    In a letter dated February 14, 2014, the plaintiffs requested that the Court issue an order unsealing any wiretaps in possession of the New York County District Attorney's Office that pertain to Plaintiff Robert Bertuglia.  The wiretaps sought by the plaintiffs were generated pursuant to an eavesdropping warrant issued by a Justice of the Appellate Division, First Department of the Supreme Court of the State of New York in connection with the criminal investigation of Vincent Grimaldi.  Some of the wiretaps generated during the Grimaldi investigation involved Bertuglia.  Included in the warrant authorizing the wiretaps was an order directing that the warrant and the accompanying application for the warrant remain under seal until further order of the Appellate Division, First Department.

    On October 31, 2013, Bertuglia filed an application with the Supreme Court of the State of New York, County of New York, for an order unsealing criminal court records relating to Bertuglia's prosecution, including tapes and transcripts of the wiretaps that

related to conversations regarding Bertuglia. On February 5, 2014, Supreme Court Justice Ronald Zweibel denied Bertuglia's application without prejudice on the ground that it had been made in the wrong forum. Justice Zweibel concluded that because a Justice of the Appellate Division, First Department, had issued the sealing order, the Supreme Court did not have jurisdiction to unseal the requested material.

The plaintiffs cite their need to avoid delay in reviewing discovery material in this action as the reason for bringing their application for an unsealing order before this Court. The plaintiffs point out that counsel for the defendants are in possession of the tapes and transcripts at issue. The plaintiffs indicate that defense counsel does not oppose their application, but that defense counsel refuses to disclose the requested materials without a court order.

"Where [a] plaintiff in a federal civil rights actions seeks files sealed by state court order in the custody of the district attorney, federal courts have required [the] plaintiff to first apply to the state court to lift the order or [to] subpoena [] the district attorney's office." Cruz v. Kennedy, No. 97 Civ. 4001, 1997 WL 839483, at *2 (S.D.N.Y. Dec. 19, 1997) (citation omitted). However, when the district attorney objects to a discovery demand, it is within the power of the district court to issue an order compelling production. Id.; see also Woodard v. City of New York, No. 99 Civ. 1123, 2000 WL 516890, at *3 (E.D.N.Y. Mar. 10, 2000);

2

Lehman v. Kornblau, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) (Opinion of the Magistrate Judge).  Because the sealed records at issue here are sought for use in this federal lawsuit, the plaintiffs' application to have the wiretaps unsealed is properly before this Court.

"Questions of privilege in federal civil rights cases are governed by federal law."  King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (Weinstein, J.) (citations omitted). Nevertheless, state privacy rules need not be ignored: "State rules may illustrate important privacy interests, and a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy."  Id. at 187 (citations and internal quotation marks omitted).  Thus, "federal courts must balance the interests favoring and disfavoring disclosure in order to resolve discovery disputes" involving claims of privilege under state law.  Id. at 188.  "The party seeking to invoke the privilege bears the burden of justifying its application," and "[t]his threshold showing must explain the reasons for nondisclosure with particularity . . . ." Id. at 189 (citations omitted).

Given that the plaintiffs' application for an unsealing order is unopposed, it should be granted.  The defendants have not proffered any reasons for keeping the requested records under seal, and there has therefore been no threshold showing of any

3

necessity for the continued application of the Appellate Division's sealing order.  Moreover, denying the plaintiffs' application would "frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983."  King, 121 F.R.D. at 187 (citations omitted).

To the extent that any of the requested materials are subject to the privilege embodied in Section 160.50 of the New York Criminal Procedure Law—which provides for the sealing of records from a criminal action upon termination of the action in favor of the defendant—the same reasoning applies.  The defendants have not provided any basis for maintaining the wiretaps under seal, and there has therefore been no particularized showing that would justify continued application of the privilege in the face of a valid discovery request in a federal civil rights action.  Moreover, "[t]he primary purpose of the sealing of records pursuant to § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution."  Lehman, 206 F.R.D. at 347.  This interest is not present when the party to the federal action who seeks disclosure was the defendant to the state criminal action in which the records were generated.  See id. at 347-48.  Accordingly, in weighing the interests for and against disclosure, the balance tips clearly in favor of disclosure.

4

In some instances, the privacy interests of a third party may militate in favor of issuing an unsealing order with restrictions, such as redaction of personal identifying information or the imposition of a confidentiality order.  See, e.g., Crosby v. City of New York, 269 F.R.D. 267, 275-76 (S.D.N.Y. 2010) (ordering disclosure with redactions); MacNamara v. City of New York, No. 04 Civ. 9612, 2006 WL 3298911, at *4 (S.D.N.Y. Nov. 13, 2006) (Opinion of the Magistrate Judge) (ordering disclosure, but designating the disclosed materials as for-attorneys'-eyes-only in order to minimize the burden on the privacy interests of third parties).  In this case, the City has not proffered Grimaldi's privacy interests as a reason for keeping the records under seal.  Nevertheless, in order to protect the privacy interests of any third parties to this action, counsel for the plaintiffs is ordered to refrain from disclosing the materials disclosed pursuant to this Memorandum Opinion and Order for any purpose other than for the prosecution of this action, and to refrain from disclosing these materials to any person other than the parties in this action, counsel or their staff, the Court and Court personnel, and any deposition witness who signs a confidentiality agreement.  This confidentiality provision shall remain in place for twenty-one days following the issuance of this Memorandum Opinion and Order.  If no application for the extension of the confidentiality provision is made within twenty-one days of the

5

issuance of this Order, the confidentiality provision shall expire.

For the foregoing reasons, the wiretaps and related transcripts sought by the plaintiffs shall be **unsealed and disclosed to the plaintiffs and their counsel,** subject to the confidentiality provision described above.

**SO ORDERED.**

**Dated:     New York, New York
            February 15, 2014**

_____/s/_____
**John G. Koeltl
United States District Judge**